CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 7 2020

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

WILLIAM T. SIMS,     )
  **Plaintiff,**      )
           )  Case No.: 7:18-cv-401
**v.**          )
           )
**HAROLD CLARKE, et al.,**   )
  **Defendants.**     )  **By: Michael F. Urbanski**
           )  **Chief United States District Judge**

## MEMORANDUM OPINION

William T. Sims, a former inmate in the Virginia Department of Corrections ("VDOC") proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUPIA") and his First Amendment rights. Defendants Harold Clarke, Mark Amonette, Melvin Davis, Lawrence Wang, Teresa Cobbs, and Henry Ponton filed a motion to dismiss, ECF No. 16, and Sims has responded, ECF No. 20. Although Sims was incarcerated at the time he filed this action, Sims has notified the court that he has since been released from incarceration. As relief to his claims, Sims asks the court to (i) enter a declaratory judgment that defendants violated Sims's constitutional rights; (ii) enter injunctions ordering defendants to provide Sims with oils that are hypo-allergenic and comply with his religious beliefs; and (iii) award Sims his costs in this suit. Because Sims is no longer incarcerated by the VDOC, the court finds that his claims are moot. Accordingly, the court dismisses the suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a claim no longer presents a viable legal issue to resolve, the claim becomes moot. Powell v. McCormack, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the court unable to grant a party the relief requested, the claims must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698–99 (3d Cir. 1996). The transfer or release of a prisoner generally renders moot any claims for injunctive or declaratory relief relating to the former place of confinement. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007) ("Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim."); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (same).

Sims is no longer incarcerated by the VDOC and, therefore, no longer requires an injunction directing the VDOC defendants to provide him with the oils that he seeks, or a declaration that they violated his rights. Further, in Sims's complaint, he specifically limits his "Prayer for Relief" to an injunction and declaration. Compl., ECF No. 1, at 9. Sims went so far as to deny compensatory and punitive damages, writing:

"Compensatory damages    N/A
Punitive Damages    N/A"

Id. at 10. While Sims did request "Plaintiff's cost in this suit," such a request is also moot because Sims has not paid any portion of the filing fee in this case and, in light of being granted in forma pauperis status after his release, will not have to pay anything toward the fee in the future. Accordingly, the court finds that Sims's claims for declaratory and injunctive relief, along with plaintiff's costs, are now moot.

## II.

For the reasons stated above, the court **DISMISSES** Sims's claims for injunctive and declaratory relief, as well as Sims's requests for costs, against defendants Harold Clarke, Mark Amonette, Melvin Davis, Lawrence Wang, Teresa Cobbs, and Henry Ponton as moot pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the parties.

Entered: 03-16-2020

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge